# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into between (i) LUCIO HERNANDEZ individually and on behalf of any and all of his past, present and future representatives, heirs, administrators, executors, beneficiaries, agents, spouses, children, trustees, conservators, attorneys, successors and assigns of such individual, as applicable and without limitation (collectively "Plaintiff") and (ii) IMPERIAL PIZZA OF LINDENHURST ("IMPERIAL") and all presently or formerly related or affiliated persons or entities, including, but not limited to, any present or former parent corporations, subsidiaries, investors, purchasers of assets insurers, reinsurers, joint ventures, partners, owners, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, directors, agents, fiduciaries, representatives, managers, employees, and any otherwise affiliated or related persons or entities, and ANGELO BULONE ("BULONE"), individually and on behalf of any and all of his past, present and future representatives, heirs, administrators, executors, beneficiaries, agents, spouses, children, trustees, conservators, attorneys, successors and assigns of such individual, as applicable and without limitation (collectively "Defendants") in settlement of (i) a Verified Complaint of FLSA and New York Labor Law wage and hour violations filed in the Eastern District of New York (the "Proceeding"); and (ii) any and all disputes that Plaintiff believes exist or may exist between Plaintiff and Defendants.

1.    **No Liability.**  It is understood and agreed that this Agreement and the settlement it represents is intended solely for the purpose stated herein and entered into solely for the purpose of avoiding further expense.  This Agreement and the settlement it represents may not be cited as and does not constitute and should not be construed to be an admission by Defendants of any violation of any federal, state or local law, or of any duty whatsoever, whether based in statute, common law, or otherwise, and Defendants expressly deny that any such violation has occurred as to Plaintiff or any other individual.

2.    **Consideration.**  In consideration of the representations, warranties, covenants and releases contained herein, Defendants shall pay the amount of $47,500.00, as follows:

a.    One check in the amount of Fifteen thousand, six hundred and forty-two dollars and sixty-six cents ($15,642.66), less applicable deductions, payable to Lucio Hernandez. This payment will be reported on an IRS Form W-2.

b.    One check in the amount of Fifteen thousand, six hundred and forty-two dollars and sixty-seven cents ($15,642.67), payable to Lucio Hernandez.  This payment will be reported on an IRS Form 1099.

c.    One check in the amount of Sixteen thousand, two hundred and fourteen dollars, and sixty-seven cents ($16,214.67), payable to the Law Office of Peter A. Romero, representing fifteen thousand, six hundred and forty two dollars and sixty-seven cents ($15,642.67) in legal fees, and five-hundred and seventy-two dollars ($572.00) in costs.

d.    Provided that Plaintiff does not revoke this Agreement as set forth herein, the checks detailed above shall be delivered to Peter A. Romero, Esq. at the Law Office of Peter

A. Romero, P.L.L.C. located at 490 Wheeler Road, Suite 250, Hauppauge, New York 11788 within 30 days of the Court's approval of this Agreement.

3.    **Release of Claims.** In consideration of the payment described above and for other good and valuable consideration, Plaintiff hereby releases and forever discharges Defendants from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits, actions, causes of action, judgments, damages, expenses, claims or demands, in law or in equity, which Plaintiff ever had, now has, or which may arise in the future, regarding any matter stemming from Plaintiff's employment arising on or before the date of Plaintiff's execution of this Agreement, including but not limited to all claims (whether known or unknown) by Plaintiff or on Plaintiff's behalf arising under the New York Labor Law and all applicable regulations issued by the New York State Department of Labor, the Wage Theft Prevention Act, the New York Hospitality Wage Order, New York Wage Order for Miscellaneous Industries and Occupations, the Fair Labor Standards Act of 1938 and all applicable regulations issued by the U.S. Department of Labor. This Agreement does not cover claims for breach of this Agreement or Claims that by law cannot be waived.

4.    **Cooperation in Administrative Proceedings:**    Nothing in this Agreement shall be construed to prohibit Plaintiff from participating in any investigation or proceeding conducted by a state or local agency.  Notwithstanding the foregoing, Plaintiff agrees to waive Plaintiff's right to recover monetary damages in any charge, complaint, or lawsuit filed by Plaintiff or by anyone else on his behalf.

5.    **Nothing Owed.** Plaintiff represents, warrants, and acknowledges that Defendants owe Plaintiff no wages, commissions, bonuses, sick pay, personal leave pay, severance pay, vacation pay or other compensation or benefits or payments or form of remuneration of any kind or nature, other than that specifically provided for in this Agreement.

6.    **Non-Disparagement.** Plaintiff will not disparage Defendants, or issue any communication, written or otherwise, that reflects adversely on or encourages any adverse action against Defendants, except: (a) if testifying truthfully under oath pursuant to any lawful court order or subpoena, (b) otherwise responding to or providing disclosures required by law, or (c) while engaging in the activities referenced in paragraph 4 of this Agreement. This includes any statement to or response to an inquiry by any member of the press or media, whether written, verbal, electronic, or otherwise.

7.    **Entire Agreement.** This Agreement constitutes the entire agreement between Defendants and Plaintiff and supersedes and cancels all prior and contemporaneous written or oral agreements, if any, between Defendants and Plaintiff. Plaintiff affirms that, in entering into this Agreement, Plaintiff is not relying upon any oral or written promise or statement not contained herein made by anyone at any time on behalf of Defendants.

8.    **Severability.** If any of the provisions, terms or clauses of this Agreement is declared illegal, unenforceable, or ineffective in a legal forum, those provisions, terms and clauses shall be deemed severable, such that all other provisions, terms and clauses of this Agreement shall

remain valid and binding upon both parties. Paragraph headings are inserted for convenience only and shall not impact the meaning or construction of this Agreement.

9. **Revocation.** Plaintiff may revoke this Agreement within seven (7) days from the date Plaintiff signs this Agreement, in which case this Agreement shall be null and void and of no force or effect on either Defendants or Plaintiff. Any revocation must be in writing and received by Defendants before the end of the seventh day after this Agreement is executed by Plaintiff. Such revocation must be sent to the undersigned at Defendants' Counsel, Rachel Demarest Gold of Abrams Fensterman.

10. **Choice of Law and Jurisdiction.** This Agreement may not be changed or altered, except by a writing signed by Defendants and Plaintiff. This Agreement is entered into in the State of New York, and the laws of the State of New York will apply to any dispute concerning it, excluding the conflict-of-law principles thereof. Furthermore, any action regarding this Agreement or its enforcement shall be subject to the exclusive jurisdiction of the courts of Nassau or Suffolk York County, New York. Finally, to the extent permissible under applicable law, Plaintiff hereby agrees to waive Plaintiff's right to a jury trial in connection with any claim Plaintiff may have against Defendants.

11. **Counterparts.** This Agreement may be executed in counterparts, each of which shall serve as an original as against any party who signed it and all of which taken together shall constitute one and the same documents. A copy of the party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement. A facsimile or email copy of this Agreement will have the same force and effect as the original.

PLAINTIFF EXPRESSLY ACKNOWLEDGES, REPRESENTS AND WARRANTS THAT PLAINTIFF HAS READ THIS AGREEMENT CAREFULLY; THAT PLAINTIFF FULLY UNDERSTANDS THE TERMS, CONDITIONS AND SIGNIFICANCE OF THIS AGREEMENT; THAT PLAINTIFF HAS HAD A FULL OPPORTUNITY TO REVIEW THIS AGREEMENT WITH HIS ATTORNEY; THAT PLAINTIFF UNDERSTANDS THAT THIS AGREEMENT HAS BINDING LEGAL EFFECT; AND THAT PLAINTIFF HAS EXECUTED THIS AGREEMENT FREELY, KNOWINGLY AND VOLUNTARILY.

PLEASE READ CAREFULLY. THIS AGREEMENT HAS IMPORTANT LEGAL CONSEQUENCES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this

Agreement as of the date set forth below:

**FOR THE EMPLOYEE,**

Dated: 18/3/22 2022                    By: _____

                                           *Plaintiff, Lucio Hernandez*

**FOR THE EMPLOYER,**

Dated: _____, 2022                By: _____

                                           *Angelo Bulone, owner of Imperial Pizza*

PLEASE READ CAREFULLY. THIS AGREEMENT HAS IMPORTANT LEGAL CONSEQUENCES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

**FOR THE EMPLOYEE,**

Dated: _____, 2022                    By: _____

*Plaintiff, Lucio Hernandez*


**FOR THE EMPLOYER,**

Dated: 3-2- , 2022                    By: _____

*Angelo Bulone, owner of Imperial Pizza*